IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAHSAAN LATIF SLOAN,

                Petitioner,

      v.

MARION FEATHER,

                Respondent.

Case No. 3:15-cv-00342-MO

OPINION AND ORDER

Stephen R. Sady, Chief Deputy Federal Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Frederic N. Weinhouse, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent


1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the legality of his 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") for felon in possession of a firearm.  Because petitioner has three qualifying predicate offenses so as to justify the ACCA sentence, the Petition for Writ of Habeas Corpus (#1) is dismissed.

<u>**BACKGROUND**</u>

In February 2006, petitioner pleaded guilty to a single count of felon in possession of a firearm in the District of Oregon.  In his Plea Petition, petitioner acknowledged that the Government had filed a Notice of Enhanced Punishment as Armed Career Criminal under the ACCA such that the mandatory minimum prison sentence for the crime to which he was pleading guilty was 15 years.  As a result of the plea, the court sentenced petitioner to 180 months in prison.

On July 14, 2006, petitioner filed a 28 U.S.C. § 2255 motion, but on December 19, 2006, he dismissed that action on his own motion.

Petitioner filed this 28 U.S.C. § 2241 habeas corpus case on February 27, 2015, and the court appointed counsel to represent him shortly thereafter.  In his Petition, as supplemented by counsel, petitioner asserts that he is actually innocent of his ACCA sentencing enhancement because two of his three prior convictions

2 - OPINION AND ORDER

justifying the ACCA sentence are minor marijuana trafficking convictions that do not constitute qualifying predicate offenses under the ACCA. He claims that these are not "serious drug offenses" as contemplated by the ACCA where his state sentencing exposure under the Oregon Sentencing Guidelines did not begin to approach the 10-year statutory maximum, and where the federal government treats the same conduct as a minor offense.

## DISCUSSION

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). However, under the "savings clause" or "escape hatch" of § 2255(e), a federal inmate may seek relief pursuant to 28 U.S.C. § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id* (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)).

A petitioner satisfies the savings clause of § 2255(e) where he: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). The two factors to consider when assessing whether petitioner had an unobstructed procedural opportunity to present his claim of innocence are: (1) whether the legal basis for petitioner's claim did not arise until the conclusion of his direct

appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion.  *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Assuming petitioner may be "actually innocent" of a portion of his sentence without attempting to establish his factual innocence as to his crime of conviction,[1] his ability to prove his innocence, establish habeas jurisdiction, and prevail in this case necessarily depend upon his assertion that his ACCA sentence is not supported by his criminal record.

The ACCA provides for a 15-year mandatory minimum sentence for certain defendants who have three or more prior convictions for a serious drug offense or a violent felony.  18 U.S.C. § 924(e).  The ACCA defines the term "serious drug offense" to mean:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section

---

[1] *See Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (claim of wrongful classification as a career offender is a "purely legal argument" that is "not cognizable as a claim of actual innocence under the escape hatch"); *see also Mitchell v. Hildreth*, 318 Fed. Appx. 600, 601 (9th Cir. 2009) (one cannot be innocent of a sentencing enhancement, but must instead show factual innocence).

4 - OPINION AND ORDER

102 of the Controlled Substances Act (21
U.S.C. 802)), for which a maximum term of
imprisonment of ten years or more is
prescribed by law;

18 U.S.C. § 924(e)(2)(A).

The question petitioner poses is whether his minor marijuana trafficking convictions amounted to "serious drug offenses" for ACCA purposes where trafficking in less than 50 kilograms or less of marijuana is categorically not a serious drug offense under the Controlled Substances Act ("CSA"). He asserts that where he would have faced a maximum sentencing exposure of only five years in prison under the CSA had his prior marijuana trafficking convictions been prosecuted as federal crimes, they cannot possibly constitute "serious drug offenses" under the 10-year threshold contemplated by the ACCA. He contends that under the rules of statutory construction, the definition of "serious drug offense" should be based only on federal law so as to promote uniformity.

To support his argument, petitioner directs the court to decisions issued well after he dismissed his § 2255 challenge including *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013). He believes these cases stand for the proposition that a state offense cannot constitute more severe criminal conduct for ACCA purposes than if the conduct had been charged as a federal offense.

*Carachuri-Rosendo* instructs that where a state convicts a defendant of a misdemeanor crime that would have supported a felony

5 – OPINION AND ORDER

conviction under the CSA had the prosecutor charged it differently, federal courts cannot construe such misdemeanors as aggravated felonies so as to render a noncitizen ineligible for cancellation of removal. 560 U.S. at 582. *Moncrieffe*, also an immigration case, explores whether a prior state misdemeanor conviction for social sharing of a small amount of marijuana amounts to an aggravated felony for removal purposes where the crime could correspond to either a felony or a misdemeanor under the CSA. The court concluded that such a conviction could not constitute an aggravated felony for removal purposes. *Id* at 1693-94.

In a Notice of Supplemental Authority, petitioner points out that the Fourth Circuit, relying on *Carachuri-Rosendo*, rejected the proposition that hypothetical aggravating factors could render a prior drug offense punishable by more than one year in prison under the CSA. *United States v. Simmons,* 649 F.3d 237, 243-45 (4th Cir. 2011) (en banc). The Fourth Circuit then applied its reasoning in *Simmons* retroactively to a petitioner on collateral review who, like petitioner in this case, was sentenced as an Armed Career Criminal where one of his underlying state drug convictions carried a 10-year statutory maximum, but his actual sentencing exposure given his criminal history and the nature of his state crime was only three years. The Fourth Circuit concluded that whether a state conviction qualifies as a "serious drug offense" under the ACCA must be determined by "the maximum penalty that [a defendant]

potentially faced given his particular offense and his criminal history." *U.S. v. Newbold*, 791 F.3d 455, 462 (4th Cir. 2013).

Consistent with *Newbold*, petitioner argues that where he was never actually in jeopardy of receiving a 10-year sentence, his prior marijuana trafficking convictions cannot constitute qualifying predicates justifying a 15-year mandatory minimum prison sentence under the ACCA. While the *Newbold* decision is well-reasoned, in *United States v. Parry*, 479 F.3d 722 (9th Cir. 2007), the Ninth Circuit not only reached the opposite conclusion, but did so in the context of the Oregon Sentencing Guidelines. In *Parry*, the defendant committed a drug offense that constituted a Class B felony which provided for a 10-year statutory maximum, but there was no possibility of such a sentence under the Guidelines given his criminal history and the nature of his offense. Defendant Parry specifically argued "that the sentence provided for by the Oregon Sentencing Guidelines must take precedence over the maximum sentence prescribed by state statute." *Id* at 724. The Ninth Circuit found this argument to be unavailing and made it clear that it is the maximum sentence prescribed by state law, not the term contemplated by Oregon's Sentencing Guidelines, that determines whether a prior crime arises to the level of a "serious drug offense" under the ACCA. *Id* at 724-26. Two years later, and again confronted with the same basic issue, the Ninth Circuit would find the same argument "foreclosed by [*Parry*]," noting that "*Parry* is

controlling precedent in our circuit" and that "[e]ven if . . . *Parry* was wrongly decided, a three-judge panel may not overrule the decision of another panel in the absence of intervening Supreme Court case law that is 'clearly irreconcilable.'" *United States v. Mayer*, 463 F.3d 948, 964 (9th Cir. 2009).

Although petitioner urges this court not to follow *Parry*, *Newbold* is not controlling precedent in the Ninth Circuit, and neither *Carachuri-Rosendo* nor *Moncrieffe* are clearly irreconcilable with *Parry*. Thus, *Parry* remains good law and dictates that where petitioner's marijuana trafficking convictions in this case were at least Class B felonies which carried possible sentences of 10 years or more under Oregon law,[2] his ACCA enhancement was proper.

Petitioner next argues that precedent does not address whether an offense can be treated as a "serious drug offense" where state and federal law are not in accord as to the seriousness of the crime committed. Petitioner cites to no controlling authority for the direct proposition that a state felony conviction punishable by a maximum of at least 10 years does not constitute a qualifying predicate offense under 18 U.S.C. § 924(e)(2)(A)(ii) simply because federal law would not necessarily punish the same conduct in the

---

[2]   The Government characterizes petitioner's convictions as constituting Class A felonies carrying 20-year maximum sentences under Oregon law, whereas petitioner states that he was convicted of Class B felonies carrying 10-year statutory maximums. *See* Petition (#1), p. 9. Either way, the prior crimes constitute qualifying offenses for purposes of the ACCA.

same manner. To the contrary, Congress expressly stated that the measure of the seriousness of a state drug conviction for ACCA purposes is to be the maximum sentencing exposure under governing state law. 18 U.S.C. § 924(e)(2)(A)(ii); *see also Parry*, 479 F.3d at 724-25. Where there is no dispute in this case that petitioner's felony trafficking convictions carried maximum possible sentences of at least 10 years under Oregon law, his ACCA sentence is not unlawful.

Petitioner also believes that where Oregon punishes his marijuana offenses more harshly than the CSA would, such a sentencing scheme violates his right to equal protection because it imposes radically different sentences on similarly situated defendants. He asserts that his right to equal protection is violated in two different ways: (1) had petitioner been prosecuted in federal court for the same crime, he would not have garnered an ACCA predicate conviction because his crime involved less than 50 kilograms of marijuana; and (2) individuals convicted of identical marijuana offenses in many state courts, such as those in Washington, New York, and Texas, would not have an ACCA predicate conviction due to the sentencing schemes they employ.

"[A] 'wide disparity' between sentencing schemes of different jurisdictions does not violate equal protection, even where two persons who commit the same crime are subject to different sentences." *U.S. v. Oaks*, 11 F.3d 897, 899 (9th Cir. 1993) (quoting

*United States v. Kinsey*, 843 F.2d 383, 393-94 (9th Cir. 1988)). Moreover, the Equal Protection Clause is not offended where the ACCA punishes similarly situated defendants differently based upon disparities in state sentencing laws that result in some defendants being subject to the ACCA's 15-year mandatory minimum sentence, while others are not.[3]  *U.S. v. Titley*, 770 F.3d 1357, 1362 (10th Cir. 2014).   Consequently, petitioner's equal protection claims lack merit.

For all of these reasons, petitioner cannot establish his actual innocence to satisfy the escape hatch of 28 U.S.C. § 2255(e) and establish habeas corpus jurisdiction.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#1) is dismissed, with prejudice, for lack of jurisdiction.   The court does, however,

---

[3]  Petitioner has raised two Equal Protection arguments, but has neglected a third, compelling argument.   Petitioner addressed Equal Protection arguments rooted in differences between federal and state sentences and in differences between two states. Neither argument is persuasive.   However, Petitioner also raised, but did not fully address, a third Equal Protection argument that is based in differences between federal circuits.   Equal Protection concerns may be implicated when courts in different circuits, as a result of different statutory interpretations of the ACCA, reach different outcomes for similarly situated defendants. By way of explanation, currently a defendant in the Fourth Circuit and a defendant in the Ninth Circuit, even if faced with identical state sentencing systems, would have different outcomes when prosecuted under the ACCA - a difference that rests solely on the different federal sentencing law methodologies  reflected in the circuit split.   Such an Equal Protection claim was noted, but not fully explored, by the Ninth Circuit in *Habibi v. Holder*.  *Habibi v. Holder*, 673 F.3d 1082, 1088 (9th Cir. 2011).

grant a certificate of appealability on the issues of: (1) whether petitioner has made a showing of actual innocence so as to establish habeas corpus jurisdiction; and (2) if so, whether the imposition of petitioner's ACCA sentence violates his constitutional rights.

IT IS SO ORDERED.

DATED this 18 day of August, 2015.

Michael W. Mosman
United States District Judge