IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAHSAAN LATIF SLOAN,

        Petitioner,

    v.

MARION FEATHER,

        Respondent.

Case No. 3:15-cv-00342-MO

SUPPLEMENTAL OPINION AND ORDER

Stephen R. Sady
Chief Deputy Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Billy J. Williams
United States Attorney
Kelly A. Zusman, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - SUPPLEMENTAL OPINION AND ORDER

MOSMAN, District Judge.

The Armed Career Criminal Act provides for a 15-year mandatory minimum sentence for certain defendants who have three or more prior convictions for a serious drug offense or a violent felony. 18 U.S.C. § 924(e). Petitioner originally filed this 28 U.S.C. § 2241 habeas corpus case on February 27, 2015 challenging the legality of his 15-year mandatory minimum ACCA sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Specifically, petitioner alleged that two of his prior convictions for marijuana trafficking did not constitute qualifying predicate offenses under the ACCA because they were not serious drug offenses. On August 18, 2015, this court concluded that petitioner's prior marijuana trafficking offenses were, in fact, qualifying predicate offenses under the ACCA and issued an Opinion and Order dismissing this case with prejudice.

Meanwhile, on June 26, 2015, the U.S. Supreme Court issued its Opinion in *Johnson v. United States*, 135 S.Ct. 2551 (2015), wherein it concluded that the residual clause of the ACCA applying to violent felonies was unconstitutionally vague. Because petitioner's challenges pertained only to his two prior convictions categorized as serious drug offenses (as opposed to

violent felonies), the *Johnson* decision did not impact the claims petitioner raised in this case.

Petitioner appealed this court's decision, and on February 29, 2016, the Ninth Circuit Court of Appeals granted petitioner's unopposed motion for a limited remand to allow this court the opportunity to consider petitioner's request to supplement the Petition for Writ of Habeas Corpus with a new claim.  Specifically, in the wake of *Johnson*, petitioner asks this court to grant him habeas corpus relief on the basis that his prior State of Oregon conviction for Robbery in the Third Degree was improperly used as a qualifying predicate conviction under the ACCA where Robbery III does not arise to the level of a violent felony.  For the reasons that follow, the court agrees and grants habeas corpus relief.

## DISCUSSION

### I.   Motion to Stay (#30)

As an initial matter, the Government asks the court to stay this case because the Ninth Circuit Court of Appeals is currently considering the exact issue presented by this case: whether Robbery III in Oregon constitutes a violent felony for purposes of the ACCA so as to support a mandatory minimum sentence.  *United States v. Strickland,* Case No. 14-30168.  As more fully explained below, in *Strickland* I determined that

Robbery III in Oregon does not qualify as a predicate offense under the force clause of the ACCA, but instead qualified under the now-invalidated residual clause. Case No. 3:11-cr-00310-MO, CR 100, p. 23; *see also United States v. Dunlap*, --- F.Supp.3d ----, 2016 WL 591757 (D. Or. Feb. 12, 2016) (Judge Aiken concluding Robbery III in Oregon does not qualify as a violent felony under the ACCA). Where I view petitioner's claim as a meritorious one thereby potentially invalidating his further confinement,[1] and where respondent will not suffer irreparable injury if I decline to stay this action, the Government's Motion to Stay is denied. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (the two most important factors when considering whether to stay a case are the likelihood that the applicant's position will prevail on appeal, and the possibility of irreparable injury on the applicant absent a stay).

## II.  Second Supplement to Petition (#28)

The ACCA defines the term "violent felony" as any crime punishable by a prison term exceeding one year that "(i) has as an element the use, attempted use, or threatened use of physical

---

[1] Without the ACCA mandatory minimum sentence of 15 years, the maximum sentence for violating 18 U.S.C. § 922(g) is ordinarily 10 years. It is undisputed that petitioner has already served more than 10 years of his sentence. It is unclear what impact, if any, today's result will have upon petitioner's immediate release given that other state charges may be re-instituted. Response (#32), p. 1.

4 - SUPPLEMENTAL OPINION AND ORDER

force against the person of another; or (ii) is burglary, arson, or extortion, [or] involves use of explosives. . . ."[2] 18 U.S.C. § 924(e)(2)(B). Petitioner's state Robbery III conviction does not involve burglary, arson, extortion, or the use of explosives. In the aftermath of *Johnson*, it can no longer fall under the residual clause of the ACCA. As a result, in order for the Robbery III conviction to qualify as a predicate offense for ACCA purposes, it must satisfy the force clause of the ACCA. I addressed precisely this issue at sentencing in *Strickland*:

> So there are two ways that the Armed Career Criminal [Act] might apply. We're talking about three convictions. Two of them I think clearly count. So we're talking about the [State of Oregon] third degree robbery conviction, whether it counts or not. One is we might use a shorthand called the force clause, and I don't think it applies. I don't think the third degree robbery is a violent felony under the force clause.
>
> I think the Oregon opinions that . . . the defense have cited for me demonstrate that a person can commit in Oregon third degree robbery using very little force. And I further think that the force clause only embraces those kinds of offenses that require sufficient force to cause pain or injury. So that disconnect leads me to conclude that it does not qualify under the force clause.

Case No. 3:11-cr-00310-MO, CR 100, p. 23.

---

[2] This citation does not include the residual clause the Supreme Court invalidated in *Johnson*. That clause provided that a violent felony included

As Mr. Strickland's case was pre-*Johnson*, I concluded that even though his Robbery III conviction from Oregon did not qualify under the force clause, it did qualify under the residual clause. *Id* at 24. Mr. Strickland's case is now awaiting a decision from the Ninth Circuit Court of Appeals as to whether an Oregon Robbery III conviction qualifies as an ACCA predicate offense under the force clause.

The Government concedes that *Johnson* applies retroactively to cases on collateral review,[3] and does not dispute that petitioner is eligible for habeas corpus relief if he can establish that his Robbery III conviction is not a qualifying offense under the ACCA. *See Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (a petitioner satisfies the savings clause of § 2255(e) where he makes a claim of actual innocence, and has not had an unobstructed procedural opportunity to present that claim). Where this court has already determined that a conviction for Robbery III in Oregon does not fall under the ACCA's force clause, and where the residual clause is no longer valid, petitioner's Robbery III conviction is not a qualifying predicate offense sufficient to justify his 15-year mandatory minimum sentence under the ACCA. As a result, the court grants

---

crimes that "involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).
[3]   Response (#32), p. 3.

relief on the new claim raised in petitioner's Second Supplement to his Petition for Writ of Habeas Corpus.

### CONCLUSION

Respondent's Motion to Stay (#30) is denied.  The court grants habeas corpus relief as to petitioner's new claim raised within his Second Supplement to Petition for Writ of Habeas Corpus (#28).  Within five days, the parties shall each submit a proposed form of judgment for the court's consideration.

IT IS SO ORDERED.

DATED this ___9th___ day of April, 2016.

_____
Michael W. Mosman
United States District Judge

7 - SUPPLEMENTAL OPINION AND ORDER